[No. 21752. Department One. July 23, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v.
E. NICKERSON, *Appellant*.[1]

*LeRoy McCann*, for appellant.
*J. A. Adams* and *S. M. Driver*, for respondent.

[1]Reported in 279 Pac. 401.

Tolman, J.—Appellant was convicted upon an information charging him with operating, as a dealer, a gambling game or game of chance played with dice, "whereby money was betted, wagered and hazarded, *by* chance or uncertain or contingent event, . . ." From a judgment and sentence upon the verdict of guilty as charged, this appeal is prosecuted.

An ingenious argument is directed at the language of the information which we have already quoted, because of the use of the word "by," instead of the word "upon," as used in the statute, and also at certain instructions in which the trial court used the language of the information to which we have just referred.

It seems so obvious that no one was, or could have been, misled by the use of the word "by," instead of the word "upon," that we see no need of further answering appellant's argument upon this point. The information was sufficient, especially so after verdict, and the instructions in which its language was repeated were not erroneous, nor do we find any error in the giving or refusing to give instructions.

The main dependence of the appellant seems to be upon his assignments of error challenging the sufficiency of the evidence to take the case to the jury. It is true that no witness testified to seeing the appellant actually engaged in operating the game, but there was plenty of evidence from which a jury would be justified in drawing the inference that he was so operating a gambling game played with dice, upon which money was hazarded, up to the moment when the sheriff and his deputies broke into the room and made their way past the door keeper who apparently did his best to stop them. The testimony is clear that, as the officers entered the room, appellant was in the act

of removing the money from the crap table and tried to make off with it. The paraphernalia on the table, the manner in which the money was kept, the coin in slots for easy removal to pay off the winning players, the bills and checks in the drawer, all in a container which appeared to be designed for such uses, all indicated that the game was being operated up to the instant of the interruption, and that appellant concerned himself with trying to save and carry away the money, indicating that he was in charge of the game and responsible for its proceeds. The general arrangement of the room, the guard at the entrance and the evidence that other games were also operated, together with the number of patrons present and their actions when the officers entered, all tended to strengthen the state's case.

Without attempting to recite the evidence in detail, we are content to say that we are well satisfied that it was amply sufficient to warrant the verdict.

Finding no error, the judgment appealed from is affirmed.

HOLCOMB, FULLERTON, PARKER, and BEALS, JJ., concur.